# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT JAMES ESQUIVEL, Plaintiff, | )<br>)<br>) |
| v. | ) Civil Action No.<br>) 23-10316-NMG |
| THE STATE OF TEXAS et al., Defendants. | )<br>) |

## TRANSER ORDER

GORTON, J.

Plaintiff Robert James Esquivel, who is proceeding pro se, initiated this action by filing a complaint accompanied by a motion for leave to proceed in forma pauperis. See Docket Nos. 1-2. Plaintiff subsequently filed two motions to file electronically and to update his Massachusetts address. See Docket Nos. 4-5.

A civil action may be brought in—

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For all venue purposes—

(1) a natural person . . . shall be deemed to reside in the judicial district in which that person is domiciled;

(2) an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . .

28 U.S.C. § 1391(c).

28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). It is well settled that a court may transfer a case sua sponte pursuant to 28 U.S.C. § 1406(a). Desmond v. Nynex Corp., No. 94-1230, 1994 WL 577479, at *3 (1st Cir. Oct. 20, 1994) (per curiam).

Here, venue is improper in the District of Massachusetts, as the case is alleged to involve defendants who are citizens of Texas concerning actions taken by them in San Antonio, Texas. Moreover, the case could have been brought in the Western

District of Texas. The court recognizes that "there is a strong presumption in favor of plaintiff's choice of forum." U.S. ex rel. Ondis v. City of Woonsocket, RI, 480 F. Supp. 2d 434, 436 (D. Mass. 2007) (citing Coady v. Ashcraft-Gerel, 223 F.3d 1, 11 (1st Cir. 2000)). "Where the operative facts of the case have no material connection with this district, plaintiff's choice of forum carries less weight." Id. (citing Goodman v. Schmalz, 80 F.R.D. 296, 302 (E.D.N.Y. 1978)). Here, there is no evidence that the plaintiff filed in this court in bad faith or that transfer will prejudice the defendants.

Accordingly, in the interest of justice, the Court directs the Clerk of Court to transfer this action pursuant to 28 U.S.C. § 1406(a) to the United States District Court for the Western District of Texas, 262 West Nueva Street, Room 1-400, San Antonio, TX 78207. This Order closes this case in this court.

**So ordered.**

_/s/ Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge

Dated: May 4, 2023